924 F.2d 1053
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph James FALCONE, Defendant-Appellant.
 No. 90-5344.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 11, 1991.
Decided Feb. 5, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Richard C. Erwin, Chief District Judge. (CR-89-265-D)
 James B. Craven, III, Durham, N.C., (Argued), for appellant; William J. Thomas, II, Durham, N.C., on brief.
 Benjamin H. White, Jr., Assistant United States Attorney, Greensboro, N.C. (Argued), for appellee; Robert H. Edmunds, Jr., United States Attorney, Richard L. Robertson, Assistant United States Attorney, Greensboro, N.C., on brief.
 M.D.N.C.
 AFFIRMED.
 Before PHILLIPS and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Joseph James Falcone challenges his sentence for illegal gambling on the ground that the district court improperly increased his offense level under the federal Sentencing Guidelines. Finding no error, we affirm.
 
 
 2
 In Count One of a seven-count indictment, a grand jury indicted Falcone and seven other defendants for conducting an illegal gambling business that involved bookmaking and accepting wagers on sporting events, in violation of North Carolina law and 18 U.S.C. Sec. 1955. Count Two of the indictment additionally charged Falcone with the transmission of sports bets by interstate telephone calls, in violation of 18 U.S.C. Sec. 1084(a). Falcone pleaded guilty to these two counts.
 
 
 3
 An agent of the North Carolina State Bureau of Investigation testified about Falcone's role in the gambling organization. Falcone set the odds for the sporting events and would give out the odds over the phone. When Falcone could not be present to take bets, Falcone's wife or another bookie, Frank Webster, would substitute for him by giving out point spreads and recording bets. A search of Falcone's residence turned up a copier, eight telephones (two of which were hooked up to incoming lines), and three notebooks containing bets made by thirty-five separate individuals between February 1, 1988 and March 11, 1988. Falcone testified that he distributed parlay sheets containing the odds for football games to other bookies.
 
 
 4
 The district court found that pursuant to federal Sentencing Guidelines Sec. 3B1.1(b), Falcone's offense level of 12 should be increased by 3 levels, resulting in a sentence of 12 months. Falcone timely appealed, alleging incorrect application of the Sentencing Guidelines.
 
 
 5
 The district court's findings of fact must be accepted unless clearly erroneous, and we must give due deference to the district court's application of the guidelines to the facts. United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir.1989). Federal Sentencing Guidelines Sec. 3B1.1(b) provides for upward adjustment of the offense level "[i]f the defendant was a manager or supervisor ... and the criminal activity involved five or more participants or was otherwise extensive...."
 
 
 6
 Falcone pleaded guilty to a count which charged that eight people participated in the illegal gambling business. The record supports a finding that Falcone served as a supervisor or manager, justifying the upward adjustment.
 
 
 7
 AFFIRMED.